**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KRISTI WILLIAMS,

　　　　Plaintiff - Appellant,

v.

PRISON HEALTH SERVICES, INC.

　　　　Defendant - Appellee.

No. 01-3258
(D.C. No. 00-CV-1366-JTM)
(D. Kansas)
159 F. Supp. 2d 1301

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　　This appeal is taken from the district court's grant of summary judgment in favor of defendant. Plaintiff brought the underlying action alleging defendant

---

* 　　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discriminated against her in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101-12213. See Williams v. Prison Health Servs. Inc., 159 F. Supp. 2d 1301 (D. Kan. 2001). We have jurisdiction, and we affirm.

We review the district court's grant of summary judgment de novo. See Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000).

To defeat a motion for summary judgment, plaintiff was required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). By the very terms of Fed. R. Civ. P. 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Thus, a party opposing summary judgment must do more than "simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Plaintiff claims the district court erred in making a factual determination that she was responsible for the breakdown in the interactive process underlying her claim that defendant failed to reasonably accommodate her disability. In her brief, plaintiff states simply that summary judgment was inappropriate because "several issues of material fact exist." Aplt. Br. at 14. She does not elaborate on

what those facts are, nor does she provide any record citation to support them. She further contends that the issue is whether defendant failed to accommodate her by "failing to act in good faith in engaging in the interactive process with [her] as [defendant] is required by the ADA." Aplt. Br. at 15. She argues, again without citation to the record, that she did not fail to provide medical information to defendant pertaining to her restrictions, id. at 16-17, and that did not allow her to return to work for nearly two months after defendant had received the physician's restrictions. Id. at 16. She does not, however, dispute the district court's determination that she was ultimately permitted to return to work or at a schedule with the specific accommodations she had requested. Williams, 159 F. Supp. 2d at 1307-08.

There is nothing in the record before this court to support plaintiff's claims that the district court erred. In fact, the appendix provided by plaintiff consists of only two documents: the district court's docket report and the decision granting summary judgment. The appellant is required to file an appendix sufficient for this court to consider and decide the issues on appeal. See 10th Cir. R. 30.1(A)(1). The contents outlined in 10th Cir. R. 10.3 (contents of record on appeal) apply equally to an appendix. The lack of a required record leaves us with no alternative but to affirm. See Morrison Knudsen Corp. v. Fireman's Fund Ins., 175 F.3d 1221, 1238 (10th Cir. 1999); see also Rios v. Bigler, 67 F.3d 1543,

-3-

1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is [p]laintiff's responsibility as the appellant to provide us with a proper record on appeal."); Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm.").

AFFIRMED.


                                        Entered for the Court


                                        Wade Brorby
                                        Senior Circuit Judge